FILED

2008 Jan 22 AM 10:42

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
CANTON

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| RANDALL LEE WINTERS AND | ) | CASE NO. 07-60786 |
| SHIRLEY ANN WINTERS, | ) | |
| | ) | ADV. NO. 07-6053 |
| Debtor. | ) | |
| | ) | JUDGE RUSS KENDIG |
| UNITED STATES TRUSTEE, | ) | |
| REGION 9, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| RANDALL LEE WINTERS AND | ) | **PUBLICATION)** |
| SHIRLEY ANN WINTERS, | ) | |
| | ) | |
| Defendants. | ) | |

The United States Trustee's (hereafter "Plaintiff" or "UST") amended motion for summary judgment, filed on October 2, 2007, is before the court. The motion is made pursuant to Federal Rule of Civil Procedure 56, as incorporated into bankruptcy practice by Federal Rule of Bankruptcy Procedure 7056, and arises in a proceeding brought under 11 U.S.C. §727. Defendant-debtors (hereafter "Debtors") responded to the motion on October 31, 2007.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtors Randall Lee Winters and Shirley Ann Winters filed a chapter 7 petition on March 22, 2007. Accompanying their petition were Certificates of Counseling issued by Consumer Credit Counseling Service of Greater Atlanta, Inc. (hereafter "CCCS"). The certificates purport to indicate that Debtors obtained pre-filing credit counseling on

March 19, 2007 at approximately 1:55 p.m. The certificates bear the certificate numbers 02114-OHN-CC-000806062 (issued for Randall Winters) and 02114-OHN-CC-000806063 (issued for Shirley Winters). Debtors each also filed an Exhibit D attesting that they complied with the credit counseling requirements by obtaining a required credit counseling course within the one hundred eighty days before filing.

UST alleges that the certificates filed with the petition are forgeries. According to UST, Debtors did not complete a credit counseling course on March 19, 2007, but completed a course on September 13, 2006. Debtors do not dispute that they each completed a credit counseling course on September 13, 2006, as their response to the motion to summary judgment states: "they [debtors] participated in Credit Counseling as required by 11 U.S.C. §109 with Consumer Creditor Counseling Service of Greater Atlanta, Inc. on September 13, 2006." Def.'s Reply Br. 3.

Following Debtors' completion of the course, CCCS issued certificates, with identifying certificate numbers, to Debtors. It is UST's position that the same identifying numbers appear on both the certificates dated September 13, 2006 and the certificates filed with the petition (referencing a course completion date of March 19, 2007).

There is no dispute that the certificates issued on September 13, 2006 were more than one hundred eighty (180) days old, making them "stale" under 11 U.S.C. §109(h), thereby rendering Debtors ineligible to be debtors under 11 U.S.C. §109. Debtors do not deny this fact: "This certificate was received outside the 180 period imposed by 11 U.S.C. §109(h)(1)." Def.'s Reply Br. 3. Interpreting UST's version of the facts boils down to this: instead of retaking the credit counseling course, Debtors altered the certificates which were originally issued by CCCS, including changing the date, and filed the altered versions with the court.

Following the filing of this adversary complaint, Debtors filed a motion to dismiss[1] in the main case and UST objected. The court held a hearing on June 11, 2007. Although Debtors did not dispute the facts alleged by UST, no testimony was taken at the hearing. The UST utilized exhibits during the hearing, including the certificates issued by CCCS on September 13, 2006 and the certificates filed with the petition; Debtors did not object to use of the exhibits.[2] However, no motion to admit the exhibits was made by UST. Thus, the exhibits are not part of the record in the main case, nor have they been filed in this adversary.

---

[1] Debtors argued that, because the credit counseling certificates were stale, they were not eligible to be Debtors under 11 U.S.C. §109. The court denied the motion, relying on the reasoning set forth in In re Mendez, 2007 WL 1119891 (B.A.P. 9th Cir. 2007).

[2] Debtors acknowledge use of the certificates: "A copy of the Certificates of Completion were introduced as evidence at hearing on Defendants' Motion to Dismiss their bankruptcy." Def.'s Reply Br. 3.

## DISCUSSION

In the motion for summary judgment, UST argues that it is entitled to summary judgment under 11 U.S.C. §727(a)(3) and (4). Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56 into bankruptcy practice. That rule provides, in part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The burden is upon the moving party to show that there are no genuine issues of material fact. Kline v. Gulf Ins. Co., 98 Fed. Appx. 471 (6th Cir. 2004) (unpublished) (citing Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986)). It is not necessary for the moving party to affirmatively show an absence of material facts through the production of evidence, but the moving party can meet its burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Kline, 98 Fed. Appx. at 473-74 (quoting Celotex Corp v. Catrett, 477 U.S. 317, 325 (1986)). It is then up to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Hatchett v. U.S., 330 F.3d 875, 880 (6th Cir. 2003). The nonmoving party "cannot rest on its pleadings, but must come forward with some probative evidence to supports its claim." Huizinga v. U.S., 68 F.3d 139 (6th Cir. 1995) (citing Celotex, 477 U.S. at 324).

When reviewing a motion for summary judgment, "the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party." Regal Cinemas, Inc. v. First Interstate Willoughby, Ltd., 208 Fed.Appx. 365 (6th Cir. 2006) (unpublished) (citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). Summary judgment is not appropriate if a material dispute exists over the facts, "that is, if evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing (nonmoving) party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; see also Matsushita, 475 U.S. 574.

### I.  Section 727(a)(3)

Section 727 contains several foundations for limiting the authority of a court to enter an order of discharge on behalf of a debtor. If one of the conditions is proved, a

debtor will be denied a general discharge, or have a previously entered discharge revoked. Because outright denial of a discharge is a harsh outcome, the exceptions are strictly construed against those seeking the denial of discharge and liberally in favor of the debtor. Allied Business Brokers, Inc. v. Amro (In re Amro), 326 B.R. 901 (B.A.P. 6th Cir. 2005) (unpublished) (citing Blockman v. Becker (In re Becker), 74 B.R. 233, 236 (Bankr. E.D. Tenn. 1987)). However, a debtor cannot come to court with unclean hands because relief in the form of a discharge is intended for the honest, but unfortunate, debtor. Wazeter v. Michigan Nat'l Bank (In re Wazeter), 209 B.R. 222 (W.D. Michigan 1997) (citing In re Juzwiak, 89 F.3d 424, 427 (7th Cir. 1996)).

Section 727(a)(3) provides one of the grounds for denying discharge. The provision states, in applicable part--

> (a) [t]he court shall grant the debtor a discharge, unless---
>
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

As the party objecting to the discharge of Debtors, UST bears the initial burden of proving the applicability of this exception to discharge and "must establish a *prima facie* case showing the Debtor failed to keep adequate records." CM Temporary Svcs. v. Bailey (In re Bailey), 375 B.R. 410 (Bankr. S.D. Ohio 2007) (citing Grange Mut. Ins. Co. v. Benningfield (In re Benningfield), 109 B.R. 291, 293 (Bankr. S.D. Ohio 1989)). If a *prima facie* case is established, then the burden shifts back to the debtor to provide a reason for the lack of record-keeping. *See* Bailey, 375 B.R. at 416 (citing Turoczy Bonding Co. v. Strbac (In re Strbac), 235 B.R. 880, 882 (6th Cir. B.A.P. 1999)).

> The purpose of section 727(a)(3) is to give creditors and the bankruptcy court complete and accurate information concerning the status of the debtor's affairs and to test the completeness of the disclosure requisite to a discharge. The statute also ensures that the trustee and creditors are supplied with dependable information on which they can rely in tracing a debtor's financial history.

Settembre v. Fidelity & Guaranty Life Ins. Co., 2007 WL 4546669 (W.D. Ky. 2007) (unpublished) (citing Meridian Bank v. Alten, 958 F.2d 1226, 1230 (3rd Cir. 1992) (citing 4 Collier on Bankruptcy, ¶ 727-03[1] (15th Ed. 1979)); *see also* Wazeter, 209 B.R. at 227 (citations omitted).

Based on the above, the court finds that section 727(a)(3) is not applicable to the

facts presented in this adversary. Although the falsification of the certificates is at issue, there is no explanation of how this relates to ascertaining Debtors' financial condition. Simply, the credit counseling certificates do not advance the purpose of section 727(a)(3). As a result, UST's motion for summary judgment under this section must fail as a matter of law.

**II.     Section 727(a)(4)**

UST relies on 11 U.S.C. §727(a)(4)(A) as a basis for denial of Debtors' discharge. As set forth in the statute, the court is not to enter an order of discharge when

> (4)     the debtor knowingly and fraudulently, in or in connection with the case--
>
> (A)     made a false oath or account.

As with section 727(a)(3), the burden of proof, by a preponderance of the evidence, rests upon UST. *See* Keeney v. Smith (In re Keeney), 227 F.3d 679 (6th Cir. 2000). In order to succeed under section 727(a)(4), UST must demonstrate that: "1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement was related materially to the bankruptcy case." Id. at 685 (citing Beaubouef v. Beaubouef (In re Beaboeuf), 966 F.2d 174, 178 (5th Cir. 1992)).

Regarding the first element, courts have found that "[s]tatements made in a debtor's petition, schedules and statement of financial affairs are made under oath." Harker v. West (In re West), 328 B.R. 736 (Bankr. S.D. Ohio 2004) (citing Hamo v. Wilson (In re Hamo), 233 B.R. 718, 725 (B.A.P. 6th Cir. 1999), (Hunter v. Sowers, 229 B.R. 151, 156 (Bankr. N.D. Ohio 1998)). In this case, the actual certificates do not contain any statements by Debtors. Exhibit D, however, is electronically signed under the penalty of perjury ("I certify under penalty of perjury that the information provided that is true and correct."), and both Debtors submitted an Exhibit D and checked the box next to the following statement:

> Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

(emphasis original). Additionally, Debtors also both signed the Declaration Re: Electronic Filing and Statement of Social Security Number declaring, under the penalty of

perjury, that the information contained in the petition, statements and schedules was true and correct. Thus, UST established that Debtors made a statement for the purposes of section 727(a)(4)(A).

Next, the court must determine whether the statement was false. UST has made allegations regarding the certificates being forgeries. Debtors denied the substantive allegations of fraud and forgery contained in UST's complaint. Although the court is aware of the existence of the exhibits used during the hearing on Debtors' motion to dismiss the main case, contrary to what UST believes, those documents are not part of the record and thus cannot be used to establish the fact(s) UST desires. However, Debtors do not dispute the facts alleged by UST and have affirmatively sought dismissal for their failure to fulfill the credit counseling requirements. In their response to the UST motion, Debtors acknowledge taking a credit counseling course on September 13, 2006 and acknowledge that the certificates from that course were "stale" when their chapter 7 case was filed. It is clear that Debtors have abandoned any reliance on the certificates filed with the petition (dated March 19, 2007). Thus, Debtors' statement in Exhibit D that they received credit counseling in the one hundred and eighty days prior to filing is false. Debtors have provided the court with no affidavits or evidence to the contrary, and the court finds that there is no genuine issue of material fact as to this element.

The next element requires the UST to show that Debtor(s) knew the statement was false. In this case, this is a simple matter because the statement at issue concerns personal actions of Debtors. In Exhibit D, Debtors attested taking a course in the requisite time period, an act either completed or not completed. Consequently, the statement was either true or false. Since it has been proven false, and the act was personal to Debtors, it cannot be said that Debtors did not know it was false. UST has met its burden on the third element.

Next, UST must show that the statement was made with fraudulent intent. Direct evidence is not required for this element, but "intent may be inferred from circumstantial evidence or inferred from debtor's course of conduct." Hinman v. Pattison (In re Pattison), 305 B.R. 685, 687 (Bankr. E.D. Mich. 2003) (citing Hamo v. Wilson (In re Hamo), 233 B.R. 718 (B.A.P. 6th Cir. 1999)). Reckless indifference or disregard can provide the foundation for a finding of fraudulent intent. See Pinnacle Tech. Res., Inc. v. Spencer (In re Spencer), 206 WL 3539295 (B.A.P. 6th Cir. 2006) (citing Hamo, 233 B.R. at 725; Hunter v. Sowers (In re Sowers), 229 B.R. 151, 158 (Bankr. N.D. Ohio 1998)). Viewing all of the circumstances and Debtors' course of conduct, the court finds that a reasonable fact-finder could only conclude that Debtors acted with fraudulent intent. Debtors filed a petition and, under the penalty of perjury, certified that they had taken the credit counseling in the one hundred eighty days before filing. When faced with the UST's contradictory position, Debtors immediately filed a motion to dismiss the case, taking the position that they were not eligible to be debtors because they had not taken the course in the one hundred and eighty days before filing. When faced with a motion for summary judgment in this adversary proceeding, Debtors do not introduce any direct evidence, including affidavits, to the contrary, nor do they attempt to offer any alternate

explanation of the facts alleging mistake or inadvertence.[3] Clearly, at a minimum, Debtors acted with reckless disregard. There are no facts to the contrary to establish a genuine issue of material fact on this element.

The final element of proof in UST's case, and for which it must demonstrate an absence of material fact, is that the false statement relates materially to the bankruptcy. The statement was absolutely material because it provided a basis for Debtors' eligibility to obtain bankruptcy relief. Essentially, by making the false statement, Debtors came into the system under false pretenses and with unclean hands. Immateriality of this statement would be wholly unimaginable.

While Debtors do not dispute the facts of UST's motion for summary judgment, the do present legal arguments in opposition to UST's motion. According to Debtors, the remedy for a failure to fulfill the credit counseling requirements of section 109(h) does not lie in section 727. Instead, Debtors argue that the appropriate remedy dismissal of a case. The court rejected this argument, under the theory of judicial estoppel, on Debtors' motions to dismiss and for reconsideration filed in the main case. Order Denying Voluntary Motion to Dismiss Case, June 14, 2007, Dkt. 21; Order Denying Debtors' Motion to Reconsider Order Denying Debtors' Motion to Dismiss the Case, July 17, 2007, Dkt. 27. The court will not undertake another review of the same legal argument.[4]

## CONCLUSION

UST sufficiently demonstrated that, even in the light most favorable to Debtors, there are no genuine issues of material fact to proceed to trial on the section 727(a)(4) claim. Debtors have not proffered any evidence or testimony, or offered any basis or support for alternate views, to dispute the facts presented by UST. UST is entitled to judgment as a matter of law on the section 727(a)(4) claim.

An order in accordance with this opinion shall be entered immediately.

/s/ Russ Kendig
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

---

[3] Mistake and inadvertence can serve to "mitigate" a false statement in a section 727(a)(4) action. See Keeney v. Smith (In re Keeney), 227 F.3d 679 (6th Cir. 2000).

[4] The court does note that there is now more support for application of judicial estoppel in cases where a debtor attempts, after filing a case and representing completion of the credit counseling requirement, to then assert a defect with the credit counseling in order to be rid of the same case. See Warren v. Wirum, 378 B.R. 640 (N.D. Cal. 2007); In re Lilliefors, 2007 WL 2903803 (Bankr. E.D. Va. 2007) (reporter citation not yet available); In re Parker, 351 B.R. 790 (Bankr. N.D. Ga. 2006).

**Service List**:

Scott R. Belhorn
Office of the United States Trustee
201 Superior Avenue E., Suite 441
Cleveland, OH 44114

Thomas J Budd, II
128 Church St
Ashland, OH 44805-2105

Randall Lee Winters
Shirley Ann Winters
30 SR 603 W
Shiloh, OH 44878